```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America

    v.                                    Case No. 2:97cr-167-1

Timothy Greathouse

<u>ORDER</u>

The defendant has filed a motion to defer restitution payments until such time as he is released on supervised release. He contends that since no payment schedule was included in the judgment, this constitutes an invalid delegation of authority to the Bureau of Prisons to establish a restitution schedule.

The judgment ordered the defendant to pay restitution on a schedule of payments designed by the United States Probation Department. The judgment also provided:

> Unless the court has expressly ordered otherwise ... if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court, Office of the Clerk, 85 Marconi Blvd., Room 260, Columbus, Ohio 43215, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

Under 18 U.S.C. §3572(d)(1), a defendant who is ordered to pay restitution "shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." The installments must be in equal monthly payments unless the court establishes another schedule. <u>Id</u>.

As indicated previously, the judgment directs that restitution be paid on a schedule designed by the United States Probation

Department.  However, this language was intended to address the payment of restitution during supervised release as a condition of supervised release.  The portion of the judgment imposing supervised release states that "it shall be a condition of supervised release that the defendant pay any ... restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment."  The language concerning a schedule to be devised by the Probation Department appears on that sheet.

The judgment in this case is arguably incorrect under current law to the extent that it provides for the payment of restitution in accordance with a schedule designed by the Probation Department.  However, this error does not invalidate defendant's general restitution obligation.  If the problematic language is disregarded, then the court has established no schedule, and restitution is due immediately by operation of §3572(d)(1).  The judgment indicates that monetary penalties shall be due during the period of imprisonment.  However, it does not include a schedule of restitution payments specifically applicable to the period of incarceration, and it contains no improper delegation to the Bureau of Prisons of the authority to establish a payment schedule during defendant's period of incarceration.  Any error in delegating the responsibility of designing a schedule of payments to the Probation Department does not affect the ability of the Bureau of Prisons to collect restitution payments in accordance with the regulations governing the Inmate Financial Responsibility Program ("IFRP"). See Montano-Figueroa v. Crabtree, 162 F.3d 548 (9th Cir. 1998).

2

Defendant's motion to defer payment of restitution is denied. However, this court has the authority under 18 U.S.C. §3664 to adjust the payment of restitution "as the interests of justice require." 18 U.S.C. §3664(k); <u>United States v. Vanhorn</u>, 296 F.3d 713, 721 (8th Cir. 2002). The court will therefore amend the judgment to include the following restitution requirements relevant to defendant's period of incarceration:

> If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's restitution obligation. If working in a grade1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's restitution obligation. Any change in this schedule shall be made only by order of this Court.

It is so ordered.

Date: August 31, 2005               s\James L. Graham
                                               James L. Graham
                                             United States District Judge