IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY GREATHOUSE,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NOS. 2:16-CV-00483; 16-CV-00605
CRIM. NO. 2:97-CR-00167
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On May 31, 2016, Petitioner filed a *Pro Se Motion to Vacate under 28 U.S.C. § 2255* (Case No. 2:16-cv-00483, ECF No. 493), in which he asserts that his sentence violates *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2251 (2015)(declaring residual clause of Armed Career Criminal Act "ACCA" to be unconstitutional).  On June 2, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the § 2255 motion (ECF No. 493) be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. (ECF No. 494.)  Although the parties were advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, no objections have been filed.

Through counsel, on June 23, 2016, Petitioner filed a *Motion to Vacate under 28 U.S.C. § 2255* (Case No. 2:16-cv-00605, ECF No. 500), in which he similarly asserts that his sentences on 18 U.S.C. § 924(c) no longer qualify as crimes of violence under *Johnson*.  Petitioner also has filed a *Supplemental Memorandum Supporting Motion to Vacate under 28 U.S.C. § 2255 Motion to Hold in Abeyance* (ECF No. 501), in which he requests the Court to hold proceedings in

abeyance pending a ruling from the United States Court of Appeals for the Sixth Circuit on his request to file a second § 2255 petition.

As discussed by the Magistrate Judge, this is not Petitioner's first § 2255 motion.  *See* ECF Nos. 212, 279, 280.  That being the case, this Court lacks jurisdiction to entertain the motions unless the court of appeals has authorized the filing.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012).  Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit.  *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).  Because Petitioner has filed an earlier motion to vacate, his motions under 28 U.S.C. § 2255 presently before the Court constitute successive motions to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Petitioner moves the Court to hold this action in abeyance pending a ruling from the United States Court of Appeals for the Sixth Circuit on his application for authorization to file a successive § 2255 motion to prevent the government from asserting any claim that the action is time-barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).  *See Dodd v. United States*, 545 U.S. 353, 356 (2005) (holding that applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file his § 2255 petition).  This Court, however, lacks jurisdiction to address the § 2255 motion absent authorization from the United States Court of Appeals.  Further, the statute of limitations is tolled during the time period that Petitioner seeks authorization for the filing of a successive petition.  *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

Therefore, the *Report and Recommendation* (ECF No. 494) is **ADOPTED** and **AFFIRMED**.  Petitioner's *Pro Se Motion to Vacate under 28 U.S.C. § 2255* and *Motion to*

*Vacate under 28 U.S.C. § 2255* (ECF Nos. 493, 500) are **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive petitions.

Petitioner's motion to hold the case in abeyance (ECF No. 501)) is **DENIED**.

**IT IS SO ORDERED.**

Date: July 12, 2016

              _____s/James L. Graham__
              JAMES L. GRAHAM
              United States District Judge